UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARNICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOMETEAM PEST DEFENSE, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-05243-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

This is a proposed class action by two homeowners who contend they've been forced to pay higher prices as a result of HomeTeam Pest Defense's allegedly anticompetitive conduct in the market for servicing tube-in-the-wall pest control systems. This case is related to *Killian Pest Control v. HomeTeam Pest Defense*, No. 14-cv-5239-VC, in which one of HomeTeam's competitors asserts antitrust claims based on the same alleged conduct. The Court has granted in part and denied in part HomeTeam's motion to dismiss in the *Killian* case. The background facts are discussed more fully in that order. HomeTeam has filed a motion to dismiss in this case also. The motion is denied.

**I.**

HomeTeam first argues that the homeowners lack standing to pursue antitrust claims based on alleged anticompetitive conduct that took place in geographic markets other than the ones where they live. One of the homeowners lives in Fresno, the other in Bakersfield. The Second Amended Complaint ("SAC") alleges 37 "individual" geographic markets throughout the country, two of which are the Fresno Metropolitan Statistical Area and the Bakersfield Metropolitan Statistical Area.[1]  And the SAC alleges that the homeowners have been injured only where they

---

[1] As with the complaint in the *Killian* action, the SAC in this case alleges only 36 individual markets, because the homeowners' lawyers forgot to include the Fresno metropolitan statistical

live.

If the homeowners were pursuing claims on behalf of themselves alone, HomeTeam would be correct – the homeowners would lack standing to complain of antitrust violations in other geographic markets that the SAC describes as separate and individual. *See Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 372 (9th Cir. 2003) ("[c]onsumers *in the market where trade is allegedly restrained* are presumptively . . . proper plaintiffs to allege antitrust injury" who possess standing to sue (emphasis added)). But in this case, the homeowners have filed a proposed class action, and they seek to represent all similarly situated homeowners throughout the country – that is, all homeowners who have been forced to pay supracompetitive prices as a result of actions taken by HomeTeam to eliminate competition for the servicing of tube-in-the-wall pest control systems. To pursue a class action, the named plaintiff does not need to have suffered the very same injury that the proposed class members have suffered. For example, a plaintiff who claims a defendant's product caused his cancer in California can seek to represent unnamed plaintiffs in New York who also got cancer from that product. If the named plaintiff's injury is "substantially similar" to the injuries suffered by the class members, the named plaintiff can represent them. *See generally Garrison v. Whole Foods Mkt. Grp., Inc.*, 2014 WL 2451290, at *4 (N.D. Cal. June 2, 2014).

Perhaps the injuries (if any) suffered by homeowners in the other 35 geographic markets will turn out to be different from the injuries alleged by the Fresno and Bakersfield homeowners in this case. But assuming the truth of the allegations in the complaint, it's plausible that the named plaintiffs' injuries are substantially similar to the injuries incurred by the proposed class members. Although the SAC alleges 37 individual markets, and although the SAC hints at some potential differences among those markets, it alleges that throughout the country HomeTeam has, through improper tactics designed to achieve and retain a monopoly, largely or completely eliminated

---

area. However, the homeowners' lawyers have made clear that this was an inadvertent omission, and the homeowners will not be penalized for this. The homeowners will be permitted to amend the operative complaint to cure this omission. For the sake of efficiency, this discussion assumes that the SAC actually alleges all 37 of the markets it intended to allege, because that will be the case once the homeowners' lawyers fix the mistake.

competitors in the relevant product market, thus forcing homeowners with tube-in-the-wall systems to pay supracompetitive prices to hire HomeTeam to service those systems. And at the pleading stage, this plausible allegation of substantial similarity is sufficient. Any further questions about potential differences among the injuries suffered by proposed class members must be adjudicated at the class certification stage, and does not present a standing problem. *See Melendres v. Arpaio*, 784 F.3d 1254, 1261-64 (9th Cir. 2015).

## II.

HomeTeam concedes that the allegations supporting the homeowners' Sherman Act section 2 claim are nearly identical to those at issue in the *Killian* action, and indeed, HomeTeam's only remaining argument in support of its motion to dismiss is an incorporation by reference of its argument that the *Killian* SAC failed to state a claim.

The SAC in this case states a claim under section 2 for the same reasons that the SAC in the *Killian* action states a claim. This is discussed in more detail in the order granting in part and denying in part the motion to dismiss the SAC in *Killian*. But to summarize, the SAC plausibly alleges both a relevant product market (for service of tube-in-the-wall pest control systems) and 37 individual geographic markets in which competition for service of tube-in-the-wall systems take place, which are pled in sufficiently concrete geographic terms. The SAC also plausibly alleges that HomeTeam possesses a monopoly in each of the 37 markets, and that it unlawfully maintained that monopoly through similar anticompetitive conduct in all of those markets, causing the plaintiffs and the putative class members – consumers of tube-in-the-wall pest control service – injury by forcing them to pay supracompetitive prices for that service. These allegations are sufficient to state a claim under Sherman Act section 2.

**IT IS SO ORDERED.**

Dated: December 21, 2015

_____
VINCE CHHABRIA
United States District Judge